UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**STEVEN POPP**
**10743 Stone Ridge Way**
**Harrison, Ohio 45030**                                                                                       **PLAINTIFF**

v.

**SHARCO EXPRESS, LLC**
**125 E. 3rd St.**
**Rochester, MI 48307**

      Serve:      Secretary of State
                     Registered Agent:   Reese Serra
                                        125 E. 3rd St.
                                        Rochester, MI 48307

and

**RAYMOND K. GIFFORD**
**11429 Oakgrove Drive**
**Fenton, MI 48430**

      Serve:      Secretary of State

                                                                **DEFENDANTS**

---

**COMPLAINT**

---

      COMES NOW Plaintiff, Steven Popp, through Counsel, and for his causes of action against Defendants Sharco Express, LLC and Raymond K. Gifford, states:

      1.    At all times relevant hereto, Plaintiff Steven Popp (hereinafter "Popp") was a citizen and resident of Hamilton County, Ohio.

      2.    At all times relevant hereto, Defendant, Sharco Express, LLC (hereinafter

"SHARCO") was and remains registered with the Federal Motor Carrier Safety Administration with a USDOT number of 00251253 and is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Rochester, Oakland County, Michigan thereby making it a citizen of Michigan.

3. At all times relevant hereto, Defendant, Raymond K. Gifford (hereinafter "Gifford"), was a citizen of Fenton, Genesee County, Michigan.

4. At all times relevant hereto, Defendant Gifford was the agent, servant, and/or statutory employee for Defendant SHARCO operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant SHARCO. Accordingly, Defendant SHARCO is vicariously liable for the acts of Defendant Gifford.

5. Jurisdiction and venue are proper as the events giving rise to this cause of action occurred in Boone County, Kentucky.

6. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of the State of Ohio, Defendant SHARCO is a citizen of the State of Michigan, and Defendant Gifford is a citizen of the State of Michigan, and the amount in controversy exceeds the minimal jurisdictional amount of $75,000.

7. On December 16, 2020, Defendant Gifford was operating a 2020 Freightliner Cascadia eastbound on Interstate 275 in Erlanger, Kenton County, Kentucky. Upon information and belief, the tractor and trailer were owned by and/or being operated on behalf of Defendant SHARCO.

8. On December 16, 2020 at approximately 11:24 a.m., Defendant Gifford was operating his vehicle on eastbound I-275 when he failed to maintain control of his vehicle and

rear-ended Plaintiff Popp's vehicle.

9. Defendant Gifford operated his tractor trailer in a negligent, careless and reckless manner causing a collision with the vehicle operated by Plaintiff Popp.

10. Defendant Gifford violated state and federal statutes and regulations, including but not limited to KRS 189.290, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Popp, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

11. Defendant SHARCO had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Gifford, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

12. Defendant SHARCO had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

13. Defendant SHARCO was negligent, careless and reckless with regard to the duties set forth in Paragraphs, 11-12, above, causing serious injury to Plaintiff Popp.

14. Defendant SHARCO violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff Popp, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

15. As a direct and proximate result of the negligence and/or negligence per se of the Defendants SHARCO and/or Gifford, Plaintiff Popp was injured about the shoulder, neck, back, and body generally, causing great physical and mental pain and anguish, and loss of the enjoyment

of life and he will continue to suffer such damages in the future, his injuries being permanent in nature; that he is exposed to the increased likelihood of future complications; that he has incurred significant sums of money for physicians and medical expenses in treating said injuries; and he will be required to incur large sums of money for physicians and medical expenses in the future, his injuries being permanent in nature and that he has lost time and wages from his employment and his ability to earn money in the future has been permanently impaired all as a direct result of Defendants' negligence.

16. Defendants SHARCO and/or Gifford, acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Popp, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor trailers endanger the lives and safety of the traveling public, which includes Popp, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

WHEREFORE, Plaintiff Steven Popp hereby demands as follows:

A) Judgment against Defendants, SHARCO Express, LLC and Raymond K. Gifford for Plaintiff Steven Popp for a fair and reasonable amount in compensatory damages;

B) Judgment against Defendants SHARCO Express, LLC and Raymond K. Gifford for a fair and reasonable amount in non-apportioned punitive damages;

C) Post-judgment interest;

D) Court costs; and

E) Any and all other relief to which the Plaintiff may be entitled.

Respectfully Submitted,
/s/ Ethan A. Busald
Ethan A. Busald, Esq. (93616)
Gregory M. Erpenbeck, Esq. (94802)
**Busald Funk Zevely PSC**
P.O. Box 6910
Florence, Kentucky 41022-6910
Phone: (859) 371 – 3600
Fax: (859) 525 – 1040
Email:       ethanbusald@bfzlaw.com
Email:       gerpenbeck@bfzlaw.com
*Trial Counsel for Plaintiff Steven Popp*