IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:22-CV-120 (WOB-CJS)

STEVEN POPP,                                              PLAINTIFF,

VS.              MEMORANDUM OPINION AND ORDER

SHARCO EXPRESS, LLC, ET AL.,                             DEFENDANTS.

This is a lawsuit brought by Steven Popp ("Popp") against Sharco Express, LLC ("Sharco") and Raymond Gifford ("Gifford") for negligence stemming from a motor vehicle accident. Currently before the Court is Defendants' Motion for Partial Judgment on the Pleadings. (Doc. 10).

The Court has carefully reviewed this matter and, being advised, now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

On December 16, 2020, Defendant Gifford was driving a tractor-trailer eastbound on Interstate 275 in Erlanger, Kentucky in the course and scope of his employment with Defendant Sharco. (Doc. 1 ¶ 7; Doc. 9 ¶ 4). At approximately 11:24 A.M., Gifford rear-ended Plaintiff Popp's vehicle. (Doc. 1 ¶ 8). Popp sustained injuries to his shoulder, neck, and back. (*Id.* ¶ 15).

On October 4, 2022, Popp filed the instant action alleging negligence against Gifford and corresponding vicarious liability against Sharco, negligent hiring, instructing, training,

1

supervising, retaining, and entrustment against Sharco, negligence per se against both Defendants, and grounds for punitive damages against both Defendants. (*Id.* ¶¶ 4, 9-16). In their Amended Answer, Defendants admitted that Gifford was acting in the course and scope of his employment with Sharco at the time of the accident and, thus, to the extent Gifford was negligent, Sharco would be vicariously liable. (Doc. 9 ¶ 4).

Defendants have now moved for judgment on the pleadings with respect to Popp's claims for negligent hiring, instructing, training, supervising, retaining, and entrustment and punitive damages. (Doc. 10 at 1-2).

### *Analysis*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) (citing *Warrior Sports, Inc. v Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)).

Thus, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In diversity actions, federal courts apply the substantive law of the forum state. *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Thus, Kentucky substantive law applies to all claims in this case.

### A. Prematurity of Motion

Popp first argues that, because the Court adopted the parties' Proposed Scheduling Order, which provided that the parties may amend the pleadings by consent or motion until February 28, 2023, (Doc. 12 at 1), the pleadings are not yet "closed" as required by Federal Rule of Civil Procedure 12(c) and thus Defendants' Motion for Judgment on the Pleadings should be denied as premature. (Doc. 13 at 1).

However, this argument fails because "pleadings are closed for purposes of a Rule 12(c) motion, upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, even

if the parties may still amend their pleadings in accordance with the Court's Scheduling Order." *Elkins v. Extreme Prods. Grp., LLC*, No. 5:21-050-DCR, 2022 WL 409694, at *2 (E.D. Ky. Feb. 9, 2022) (internal quotation marks omitted) (collecting cases); *see also Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 913 (6th Cir. 2017) (finding that, where the defendants had filed an answer, a Rule 12(c) motion was not premature).

Thus, because Defendants have filed an Answer in this case, (*see* Doc. 9), and there are no counterclaims, crossclaims, or third-party claims, Defendants' Rule 12(c) Motion is timely.

### B. Negligent Hiring, Instructing, Training, Supervising, Retaining, and Entrustment

Defendants argue that Popp's claims for negligent hiring, instructing, training, supervising, retaining, and entrustment are mooted by their admission that Gifford was acting in the course and scope of his employment with Sharco at the time of the accident. (Doc. 10 at 5). Alternatively, Defendants argue that Popp has insufficiently pled those claims. (*Id.* at 6). The Court will address each argument in turn.

#### *i. Mootness*

Defendants contend that, because they admitted that Gifford was driving the tractor-trailer in the course and scope of his employment with Sharco and thus, to the extent he was negligent,

Sharco would be vicariously liable, (*see* Doc. 9 ¶ 4), Popp's claims for negligent hiring, instructing, training, supervising, retaining, and entrustment serve no purpose and should be dismissed. (Doc. 10 at 5). However, the Kentucky Supreme Court has held that "a plaintiff may assert and pursue in the same action a claim against an employer based under *respondeat superior* upon the agent's negligence, and a separate claim based upon the employer's own direct negligence in hiring, retention, supervision, or training." *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 337 (Ky. 2014). Further, "[t]he employer's admission to the existence of an agency relationship from which vicarious liability may arise does not supplant the claim that the employer's own negligence, independent of the negligence of the employee, may have caused or contributed to the injury." *Id.*

Although Defendants cite *Oaks v. Wiley Sanders Truck Lines, Inc.*, No. 07-45-KSF, 2008 WL 5459136 (E.D. Ky. Nov. 10, 2008), and *Southard v. Belanger*, 966 F. Supp. 2d 727 (W.D. Ky. 2013), in support of their argument, both cases were decided before the Kentucky Supreme Court issued its opinion in *Allgeier*.[1] Following

---

[1] Defendants also cite this Court's opinion in *Martin v. Browning*, 198 F. Supp. 3d 783 (E.D. Ky. 2016), in support of their argument. (Doc. 10 at 6). However, in that case the defendants admitted liability and the only remaining issue was damages, but the plaintiff sought admission of evidence concerning negligent hiring and training. *Martin*, 198 F. Supp. 3d at 784. Accordingly, the Court's ruling that the Federal Rules of Evidence rendered such evidence inadmissible as a matter of federal procedural law, *see id.* at 786, is inapplicable in the present case, as Defendants have not admitted liability.

*Allgeier*, federal courts have applied Kentucky law to allow simultaneous negligence claims to proceed against an employer based on both vicarious and actual liability, even where the employer admitted vicarious liability. *See, e.g.*, *Auto-Owners Ins. v. Aspas*, No. 3:16-cv-189-DJH-DW, 2018 WL 1403902, at *3 (W.D. Ky. Mar. 19, 2018) (allowing a plaintiff to pursue a respondeat superior claim and a negligent supervision claim against an employer who admitted vicarious liability); *Campos v. Louisville Metro Police Officers Credit Union*, No. 3:18-cv-196-CRS, 2018 WL 4760501, at *6-7 (W.D. Ky. Oct. 2, 2018) (allowing simultaneous claims against an employer based on vicarious liability for an employee's negligence and negligent hiring, retention, and supervision).[2]

Accordingly, the Court finds that Popp's claims for negligent hiring, instructing, training, supervising, retaining, and entrustment are separate from his vicarious liability claim and, thus, are not moot.

### ii. Insufficient Pleading

Defendants also argue that Popp's claims for negligent hiring, instructing, training, supervising, retaining, and

---

[2] Although Defendants rely on *Scroggins v. Yellow Freight Systems, Inc.*, 98 F. Supp. 2d 928 (E.D. Tenn. 2000), for additional support of their mootness argument, (Doc. 14 at 3-4), that opinion did not address Kentucky state law claims and is thus inapposite.

6

entrustment are insufficiently pled and should be dismissed for that reason. (Doc. 10 at 6).

"To prevail on a claim for negligent hiring and retention, the plaintiff must prove that: (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed; and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Gordon v. Turner*, No. 13-136-DLB-CJS, 2016 WL 3636073, at *9 (E.D. Ky. June 29, 2016) (citing *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). To succeed on a claim for negligent training and supervision, "the plaintiff must establish that (1) the employer knew or had reason to know of the risk that the employee created; (2) the employee injured the plaintiff; and (3) the supervision . . . of the employee proximately caused the injury." *Id.* at *10 (citing *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005)).

Similarly, "[t]he common law theory of negligent entrustment is that one who entrusts her vehicle to another whom she knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of the entrustment." *Cox v. Waits*, No. 2002-CA-002357-MR, 2004 WL 405811, at *2 (Ky. Ct. App. Mar. 5, 2004) (citing *Owensboro Undertaking & Livery Ass'n v. Henderson*,

7

115 S.W.2d 563 (1938); *Brady v. B. & B. Ice Co.*, 45 S.W.2d 1051 (1932)).

Courts in this Circuit have dismissed claims for negligent hiring, training, supervising, retaining, and entrustment where a plaintiff's complaint provides only that a defendant had certain duties and then summarily states that the defendant was negligent in the performance of those duties. *See, e.g.*, *Seemann v. Copeland*, No. 5:20-cv-00027-TBR, 2020 WL 6434852, at *4 (W.D. Ky. Nov. 2, 2020) (dismissing claims for negligent hiring, training, entrusting, supervising, retaining, and contracting where a plaintiff did not provide factual allegations to support her claim but merely listed certain duties and then stated that the defendant was negligent); *Cambron v. RK Shows, Inc.*, No. 3:14-cv-00368-TBR, 2014 WL 3419128, at *5 (W.D. Ky. July 14, 2014) (dismissing a negligent hiring claim where plaintiffs made no allegations that employees were unfit or that their employer knew or reasonably should have known of their unfitness); *Warner v. Bob Evans Farms, Inc.*, No. 5:09-cv-63-KKC, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010) (dismissing a negligent hiring/retention claim where the plaintiff failed to make any allegations that a defendant knew or should have known that its employees were unfit for duty).

Here, Popp alleges that Sharco "had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees" and "to exercise reasonable care in

8

entrusting its vehicles and equipment to responsible, competent and qualified drivers," but that it "was negligent, careless and reckless with regard to [those] duties." (Doc. 1 ¶¶ 11-13). However, much like in *Seemann*, *Cambron*, and *Warner*, Popp's Complaint does not contain an allegation that Gifford was unfit for employment as a driver, that Sharco knew or should have known of Gifford's unfitness, or that Gifford's unfitness was the proximate cause of the accident.

Although Popp alleges in his Response to Defendants' Motion for Judgment on the Pleadings that Gifford's driving history includes a prior citation and that Gifford admitted to Popp following the accident that he had been involved in multiple prior collisions, (*see* Doc. 13 at 1-2), these allegations are not found in the Complaint and Gifford's driving history is neither attached to Popp's Complaint nor his Response. As such, the Court will not consider those allegations. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases); *see also Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 698 (6th Cir. 2018) (finding that a district court was not required to consider allegations raised for the first time in response to a Rule 12(c) motion where the relevant document was not attached to plaintiffs' briefings). Similarly, Popp's argument that he should be allowed time for discovery to determine the "appropriateness"

9

of his claims, (Doc. 13 at 2), is unavailing. *See Bates*, 958 F.3d at 483.

Because Popp's Complaint offers only a formulaic recitation of the elements of negligent hiring, instructing, training, supervising, retaining, and entrustment without any supporting factual allegations, the Court will dismiss those claims. *See Twombly*, 550 U.S. at 555. However, the Court will grant Popp an opportunity to amend his complaint to address these deficiencies. *See Seemann*, 2020 WL 6434852, at *4 (granting the plaintiff an opportunity to amend her complaint after dismissing her negligent hiring, training, entrusting, supervising, retaining, and contracting claims for lack of supporting factual allegations).

### C. Punitive Damages

Finally, Defendants argue that Popp's Complaint does not contain any factual allegations that could support a claim for punitive damages. (Doc. 10 at 8).[3] "Under Kentucky law, punitive damages are available only if a defendant acted with oppression,

---

[3] In their Reply, Defendants also argue that, because Popp did not address his claim for punitive damages in his Response to their Motion for Judgment on the Pleadings, he has abandoned it. (Doc. 14 at 2). However, the case Defendants rely on, *Hicks v. Concorde Career College*, 449 F. App'x 484 (6th Cir. 2011), and other related cases in the Sixth Circuit found abandonment in the context of motions for summary judgment, not motions to dismiss or motions for judgment on the pleadings. *See, e.g.*, *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases). Nonetheless, because the Court finds, as discussed below, that Popp's claim for punitive damages was insufficiently pled, it need not reach the issue of abandonment.

10

fraud, malice, or gross negligence." *Zachery v. Shaw*, No. 3:12-CV-606, 2013 WL 1636385, at *1 (W.D. Ky. Apr. 16, 2013) (citing K.R.S. § 411.184; *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998)). To establish gross negligence sufficient to justify punitive damages, a plaintiff must show that the defendant failed to exercise reasonable care and, additionally, "'that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others.'" *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013) (quoting *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90 (Ky. 1985)).

In *Kinney v. Butcher*, the Kentucky Court of Appeals held that driving at ten miles per hour over the posted speed limit and failing to complete a pass before entering a no-passing zone did not amount to gross negligence and, thus, punitive damages were not warranted. 131 S.W.3d 357, 359 (Ky. Ct. App. 2004). The court found that holding otherwise "would effectively eliminate the distinction between ordinary and gross negligence in the context of automobile accidents." *Id.* The court also opined that "[n]early all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages." *Id.*

Similarly, a court in this District held that an allegation that the defendant had been driving while tired was not enough to justify a claim for gross negligence and a potential award of

11

punitive damages. *Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384, 386 (E.D. Ky. 2006). A court in the Western District of Kentucky also found that an allegation that the defendant's vehicle crossed into the plaintiff's right of way, struck her vehicle, and then pushed it 100 feet before forcing it off the road did not warrant a claim for punitive damages. *Zachery*, 2013 WL 1636385, at *3.

Here, Popp has merely alleged that Sharco and Gifford "acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions," that they exhibited "a reckless disregard for the life, safety and health of others," and that Gifford "failed to maintain control of his vehicle and rear-ended Plaintiff Popp's vehicle." (Doc. 1 ¶¶ 8, 16). Popp has not provided any factual allegations, beyond a bare recitation of the standard for punitive damages, that would support a finding that Defendants acted with wanton or reckless disregard for the lives or safety of others.[4] In light of *Kinney*, *Turner*, and *Zachery*, the Court cannot conclude that the only factual allegation in the Complaint, that Gifford rear-ended another vehicle, gives rise to a plausible claim for gross negligence and warrants a potential award of punitive damages because such a

---

[4] Although Popp cites K.R.S. § 189.670 in his Complaint, which provides that it is the public policy of Kentucky that "heavy motor trucks . . . endanger the safety and lives of the traveling public," this statute does not purport to provide punitive damages as a matter of course in every case in which such a truck is involved in an accident.

12

holding "would effectively eliminate the distinction between ordinary and gross negligence in the context of automobile accidents." *See Kinney*, 131 S.W.3d at 359.

Accordingly, the Court will dismiss Popp's claim for punitive damages. However, just as with the above claims, the Court will grant Popp an opportunity to amend his complaint to address this deficiency. *See Seemann*, 2020 WL 6434852, at *5 (granting the plaintiff an opportunity to amend her complaint after dismissing her claim for punitive damages); *Zachery*, 2013 WL 1636385, at *3 (dismissing punitive damages claims without prejudice to allow the plaintiff to amend the complaint).[5]

### *Conclusion*

Therefore, for the reasons stated above, **IT IS ORDERED** that:

(1) Defendants' Motion for Partial Judgment on the Pleadings (Doc. 10) be, and is hereby, **GRANTED**;

(2) Plaintiff's claims for negligent hiring, instructing, training, supervising, retaining, and entrustment and punitive damages be, and are hereby, **DISMISSED WITHOUT PREJUDICE**; and

(3) If Plaintiff wishes to file an amended complaint, he shall do so **WITHIN TEN DAYS**.

---

[5] This ruling applies to Plaintiff's claim for punitive damages at the pleading stage. However, if discovery later reveals facts that would support a claim for punitive damages, Plaintiff may move to amend his complaint to include such a claim at that time.

13

This 27th day of December 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

14